FRED J. COLEMAN, Plaintiff, v. JENNIE B. COLEMAN, Defendant.

Supreme Court, Genesee County, April 22, 1927.

**Motions and orders — eighth judicial district — under Rules of Civil Practice, rule 63, motion on notice must be made within district.**

Under rule 63 of the Rules of Civil Practice a motion made on notice in an action triable in the eighth judicial district must be made within that district, and cannot be made in an adjoining county situate in another district.

MOTION by the defendant to set aside the interlocutory judgment granted by default and to permit the defendant to answer.

*Edward N. Heath,* for the plaintiff.

*Charles B. O'Connell,* for the defendant.

CUNNINGHAM, J.    This action is triable in Genesee county in the eighth judicial district and the motion was made returnable at a Special Term in Monroe county, a county adjoining the county of trial but situate in the seventh judicial district.

A question arises as to whether, under the Rules of Civil Practice, the motion may be made in Monroe county.

Rule 63 of the Rules of Civil Practice contains the following provisions:

" 1. A motion on notice in an action in the Supreme Court must be made within the judicial district in which the action is triable or in a county adjoining the county in which it is triable.

" 2. Where the action is triable in the first or eighth judicial districts, the motion must be made in the district where the action is triable; and a motion on notice cannot be made in the first district in an action triable elsewhere.

" *    *    *

" 6. Except in the first judicial district, a motion may be made in any county in the district in which is situated the county where the action is triable, or in a county in any other district adjoining the county in which it is so triable."

Subdivisions 1 and 2 are a re-enactment of a portion of section 769 of the Code of Civil Procedure and apply, as did the Code section, to motions made upon notice.  Subdivision 6, the provisions of which are new and were not contained in the Code or General Rules of Practice, applies to all motions, *ex parte* as well as those upon notice.  (Civ. Prac. Act, § 113.)

The defendant claims that the provisions of subdivisions 2 and 6 of rule 63 of the Rules of Civil Practice are conflicting and that

County Court, Lewis County, April, 1927.      [Vol. 129

effect must be given to the latter and the former must be regarded as superseded. Subdivision 6 contains general provisions applying to all motions and standing alone it would permit this motion to be made in Monroe county. If possible, some meaning should be given to every word of the rule and none of the language thereof may be ignored. Moreover, the general provisions of subdivision 6 are controlled by the special provisions for the particular districts contained in subdivision 2. Effect must be given to the special provisions and the general provisions will not be deemed to include the matters embraced in the more specific ones. The special provisions of subdivision 2 will be considered as an exception to the general provisions of subdivision 6. The rule provides in subdivision 1 that the motions on notice must be made " within the judicial district " or in a county adjoining; and in subdivision 2 that such motions must be made in the " district." It is not stated in what county in the " district " the motion shall be made, whether it must be in the county in which the venue is laid or whether it may be in any county within the district. All doubt upon this question is removed by subdivision 6.

Evidently this subdivision was added to the rule for the purpose of making it clear that a motion which must be made within a district may be made in any county within the district.

It thus becomes apparent that it was not the intention, by adding subdivision 6 to the rule, to modify or supersede the provisions contained in subdivision 2.

It follows, therefore, that a motion on notice in an action triable in the eighth judicial district must be made in that district and may be made in any county of the district.

The motion is denied without prejudice to a renewal thereof at the proper Special Term.